# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| BRAUN NATHAN THOMPSON,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-3028-LRR<br>No. CR03-3069-LRR<br><br>ORDER REGARDING<br>28 U.S.C. § 2255 MOTION |

## *I. INTRODUCTION*

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). The movant filed such motion on April 28, 2016. In his § 2255 motion and related briefing (civil docket nos. 1 & 19), the movant claims that he is entitled to relief under the recent United States Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). The government disputes that the movant is entitled to relief under 28 U.S.C. § 2255 (civil docket no. 20).

## *II. FACTS*

A jury found the movant guilty of count 1, being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e), count 2, possessing an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d) & 5871, and count 3, being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). The court ordered a pre-sentence report to be prepared. The parties filed sentencing memoranda (criminal docket nos. 76, 78 & 85). The court determined that the movant qualified as an armed career criminal and calculated a sentencing guidelines range of 262 to 327 months

imprisonment based on a total adjusted offense level of 34 and a criminal history category VI. On October 30, 2004, the court determined that the movant qualified as an armed career criminal and, after departing upward, sentenced the movant to a term of 420 months imprisonment on count 1 and count 3 and a term of 120 months imprisonment on count 2. It ordered the sentences to be served concurrently to one another.

### III. LEGAL STANDARD

A prisoner in custody under sentence of a federal court is able to move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "[that the judgment or sentence] is otherwise subject to collateral attack." *Id.*; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (listing four grounds upon which relief under 28 U.S.C. § 2255 may be claimed); *Watson*, 493 F.3d at 963 (same); *Lee v. United States*, 501 F.2d 494, 499-500 (8th Cir. 1974) (clarifying that subject matter jurisdiction exists over enumerated grounds within the statute); Rule 1 of the Rules Governing Section 2255 Proceedings (specifying scope of 28 U.S.C. § 2255). If any one of the four grounds is established, the court is required "to vacate and set aside the judgment and [it is required to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting 28 U.S.C. § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)) (internal quotation mark omitted). Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, 28 U.S.C.

§ 2255 is intended to redress constitutional and jurisdictional errors and, apart from those errors, only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Sun Bear*, 644 F.3d at 704 (clarifying that the scope of 28 U.S.C. § 2255 is severely limited and quoting *Hill*, 368 U.S. at 428); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (quoting *Addonizio*, 442 U.S. at 184).

## IV. ANALYSIS

The parties dispute whether the movant has enough prior qualifying convictions to be subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The movant argues that all five of his prior convictions do not qualify as predicate felonies and, therefore, his sentence exceeds the non-ACCA statutory maximum. The government argues that relief is not available under 28 U.S.C. § 2255 because the movant still has three convictions that qualify as violent felonies for purposes of the ACCA.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if the defendant has three or more previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year

that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause.

In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause; the Supreme Court held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to the defendant and invites arbitrary enforcement by judges." ___ U.S. at ___, 135 S. Ct. at 2557. Shortly after invalidating the residual clause, the Supreme Court concluded in *Welch v. United States* that *Johnson* announced a substantive rule that applied retroactively on collateral review. ___ U.S. ___, ___, 136 S. Ct. 1257, 1265 (2016). Hence, under *Johnson* and *Welch*, a prior conviction may not be used as a predicate ACCA offense if it falls under 18 U.S.C. § 924(e)(2)(B)'s invalidated residual clause.

The Supreme Court, however, clarified that the ACCA's other two clauses, namely, the elements clause and the enumerated-crimes clause, remain viable. *See Johnson*, ___ U.S. at ___, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."); *accord United States v. Sykes*, 844 F.3d 712, 716 (8th Cir. 2016). Thus, application of *Johnson* and *Welch* negates the use of a felony unless it qualifies as an ACCA predicate without relying on the residual clause. "[E]ven if a defendant's prior conviction was counted under the residual clause, courts can now consider whether that conviction counted under another clause of the ACCA." In re *Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016) (citing *Welch*, ___ U.S. at ___, 136 S. Ct. at 1268). The movant must prove that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. *See id.* at 1273; *see also Stanley*

4

*v. United States*, 827 F.3d 562, 566 (7th Cir. 2016) (stating that a "proponent of collateral review" must "produce evidence demonstrating entitlement to relief"); In re *Cooks*, No. 16-14444-J, 2016 U.S. App. LEXIS 23767, *8 n.2, (11th Cir. Aug. 9, 2016) (emphasizing that burden is on movant); *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (citing *Kress v. United States*, 411 F.2d 16, 20-21 (8th Cir. 1969), for the proposition that the burden of proof is on petitioner in § 2255 proceeding); *Day v. United States*, 428 F.2d 1193, 1196 (8th Cir. 1970) (providing that petitioner bears burden of proof on each ground asserted in § 2255 motion); *Taylor v. United States*, 229 F.2d 826, 832 (8th Cir. 1956) ("Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the [movant] to establish a basis for relief under some one or more of the grounds set forth in [§ 2255].").

The undisputed facts in the movant's pre-sentence report refer to his 1979 conviction for aggravated robbery and indicate the following:

> A Freeborn County, Minnesota Complaint reflects that, on December 7, 1978, the defendant robbed a Walgreens Drug Store in Albert Lea, Minnesota. During the robbery, the defendant used a sawed off shotgun and fled on foot. Later that evening, law enforcement officers arrested the defendant who was still in possession of the shotgun. During the robbery, $181.64 was taken.

*See* PSR (criminal docket no. 65) at ¶ 61.[1] It also refers to his 1994 convictions for

---

[1] In this collateral proceeding, the court finds that it is proper to consider the unobjected-to portions of the pre-sentence report. *Cf.* Fed. R. Crim. P. 32(i)(3) (stating that a court "may accept any undisputed portion of the presentence report as a finding of fact"); *United States v. Garcia-Longoria*, 819 F.3d 1063, 1067 (8th Cir. 2016) (finding that, because the pre-sentence report described prior offense conduct without stating its sources, the failure to object to conduct described in the pre-sentence report relieved the government of its obligation to introduce at sentencing the documentary evidence *Taylor* or *Shepard* requires); *United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016) (explaining that sentencing courts may not look to factual assertions within federal pre-sentence reports—even if the defendant failed to object to the reports—where the pre-sentence report indicates that the source of the information in the reports might have been from a non-judicial source); *United States v. Reliford*, 471 F.3d 913, 916 (8th Cir. 2006) ("[I]f the defendant fails to object to fact statements in the presentence investigation report (PSR) establishing that a prior offense was a violent felony conviction, the government need not introduce at sentencing the documentary evidence that *Taylor* and *Shepard* otherwise require."); *United States v. Bell*, 445 F.3d 1086, 1090 (8th Cir. 2006) (concluding that court properly considered fact recital that defendant did not contest); *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005) (explaining that facts in pre-sentence report are deemed admitted unless the defendant objects to those facts); *United States v. Rodamaker*, 56 F.3d 898, 902 (8th Cir. 1995) (stating that it is permissible to rely on unobjected-to facts in the pre-sentence report); *see also United States v. Chapman*, No. 16-1810, 2017 WL 3319287 (3d Cir. Aug. 4, 2017) (Jordan, J., concurring) (observing that the categorical approach impedes uniformity, interferes with the ability of courts to ensure that repeat, violent offenders receive the most severe sentences, requires judges to feign amnesia and leads to unusual questions of statutory interpretation). It is clear that the dimensions of the issues addressed during a criminal trial or change of plea and during a sentencing hearing are fundamentally different. Indeed, a sentencing hearing is not undertaken to convict a defendant for the alleged violation, and, therefore, it does not give rise to the full panoply of rights that are due a defendant at a trial or during a change of plea. Similarly, it is clear that the dimensions of issues addressed during collateral proceedings are fundamentally different. Having considered well-established precedent that emphasizes finality, well-established precedent that reiterates the limited scope of relief under § 2255 and the likelihood of disparate treatment among individuals seeking collateral relief based on variables such as the number of offenses charged and convicted of, the litigation strategies previously pursued or the course chosen at the trial and appellate level and the availability of initial or subsequent collateral review, the court declines to adopt an expansive view of the law or proceed with eyes shut when conducting

(continued…)

aggravated robbery. *Id.* at ¶¶ 66 & 67. The first of those convictions indicates:

> A Mower County Complaint reflects that, on October 24, 1993, the defendant robbed the Ankeny Mini-Mart in Austin, Minnesota. According to the victim in this case, the defendant entered the Ankeny Mini-Mart at 9:53 p.m., brandished a hunting knife with a 3" to 5" blade and told her to open the cash register. The victim complied and the defendant fled the scene after taking $25 to $100 from the cash register.

*Id.* at ¶ 66. The second of those convictions indicates:

> A police report reflects that, on October 25, 1993, law enforcement officers received a report of an armed robbery at Bob's Food Pride in Chatfield, Minnesota. The description of the robber was consistent with that provided by witnesses to the robbery on October 24, 1993, in Austin, Minnesota. It was also learned that the vehicle description was the same as the one the defendant was driving the day before.
>
> The store clerk/victim told officers that the defendant approached her work station, grabbed her wrist, and produced an open knife. He then placed the blade on her wrist and began moving it back and forth but did not cut her. The clerk was able to pull her arm away and began backing away from the defendant. The defendant continued approaching her, making sweeping motions with the knife. She was then able to turn and run, alerting other employees of the robbery in progress. The defendant reportedly took cash from the register and fled the store.
>
> When the defendant was later stopped by officers, he lunged at one officer, hitting him in the mouth. The defendant then attempted to kick the officer in the groin. The defendant then ran to his vehicle while the officer grabbed him, trying to pull him from the vehicle. The defendant started driving away and after approximately 30 feet, the officer let go of the defendant. After a high speed chase, the defendant's car was stopped in the ditch, and he was subdued. During subsequent interviews,

---

[1](…continued)
an ACCA analysis at this stage.

> it was learned the defendant described to others how he had committed the robberies.

*Id.* at ¶¶ 67, 68 & 69.

Even if the undisputed facts in the pre-sentence report are ignored, the categorical approach reveals that each of the movant's Minnesota aggravated robbery convictions qualifies as a predicate offense for purposes of the ACCA. At the time of the movant's sentencing in 2004, legal authority would have supported the court's use of the categorical approach to assess whether the movant's Minnesota aggravated robbery convictions under M.S.A. § 609.245 were violent felonies under the ACCA's elements clause.

> [O]ne of the elements in Minn. Stat. § 609.245 [is] being "armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflict[ing] bodily harm upon another." Minn. Stat. § 609.245 (1988) (amended 1994). The penalty [is] "imprisonment for not more than 20 years or . . . payment of a fine of not more than $35,000, or both." *Id*. [A Minnesota] aggravated robbery conviction meets the definition of a "violent felony" under the ACCA because it has as an element "threatened use of physical force" against another and is punishable by up to 20 years imprisonment.

*United States v. Rucker*, 545 F. App'x 567, 572-73 (8th Cir. 2013); *see also United States v. Maxwell*, 823 F.3d 1057, 1061 (7th Cir. 2016) (concluding that a conviction under Minnesota's simple robbery statute is a crime of violence under the Guidelines' elements clause); *United States v. Raymond*, 778 F.3d 716, 717 (8th Cir. 2015) (per curiam) (endorsing, without analysis, *Rucker*'s holding that Minnesota aggravated robbery is a violent felony under § 924(e)); *United States v. Spight*, No. 16-cv-2459, 2017 U.S. Dist. LEXIS 34116 (D. Minn. Mar. 6, 2017) (concluding that a conviction under Minnesota's first-degree aggravated robbery statute is necessarily a crime of violence under the ACCA's force clause because Minnesota's first-degree aggravated robbery statute is based on the simple robbery statute).

Additionally, the level of force required to sustain a conviction under M.S.A. § 609.245 satisfies the requirement of physical force under § 924(e)(2)(B)(i)—"force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Even when focusing on the minimum conduct criminalized by M.S.A. § 609.245, it appears from Minnesota case law that it requires more than minimal force because the power of the owner to retain his or her property has been overcome by the use of actual force or the threat of imminent force. *See United States v. Taylor*, No. 16-cv-2498, 2017 U.S. Dist. LEXIS 17376 (D. Minn. Feb. 7, 2017) (determining that Minnesota simple robbery is a violent felony for purposes of the ACCA because it has as an element the use, attempted use or threatened use of force capable of causing physical pain or injury); *cf. United States v. Lamb*, 847 F.3d 928, 930 (8th Cir. 2017) (reasserting that Michigan robbery convictions were ACCA violent felonies); *United States v. Boots*, 816 F.3d 971, 974 (8th Cir. 2016) (reaffirming that assault conviction under Iowa Code section 708.1(3) categorically constitutes a threatened use of force); *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009) ("It goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as a threatened use of physical force against another person.").

In sum, the movant's prior Minnesota aggravated robbery convictions constitute predicate violent felonies for purposes of the ACCA. Since *Johnson* has no bearing on offenses that qualify under the elements clause of 18 U.S.C. § 924(e)(2)(B)(i), the movant's designation as an armed career criminal stands.

### V. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability

under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant made the requisite "substantial showing" with respect to his assertion that his Minnesota aggravated robbery convictions do not constitute a predicate offense for purposes of the ACCA. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). The movant only presents a question of substance for appellate review regarding this limited issue. Accordingly, a certificate of appealability shall be granted with respect to it. If he desires further review

of his motion pursuant to 28 U.S.C. § 2255, the movant may request expansion of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## VI. CONCLUSION

Based on the foregoing, it is evident that the alleged error that is asserted by the movant warrants no relief under 28 U.S.C. § 2255. Because the movant's claim is without merit, the movant's motion pursuant to 28 U.S.C. § 2255 is denied. Additionally, a limited certificate of appealability will issue. Lastly, the movant's motion to terminate counsel (civil docket no. 26) is denied as moot.

**IT IS SO ORDERED**.

**DATED** this 15th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA